UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

DAMIEN COBBS,
        Plaintiff,

                                                  PRISONER
v.                                        CASE NO. 3:12-cv-1818(SRU)

LIEUTENANT DIAZ, et al.,
        Defendants.

## INITIAL REVIEW ORDER

      The plaintiff, currently incarcerated at Cheshire Correctional Institution in Cheshire, Connecticut, has filed a complaint *pro se* under 42 U.S.C. § 1983.  He sues Lieutenant Diaz and Correctional Officers Pagan, Coro and Norcotte.

      Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief."  *Id*.  This requirement applies both where the inmate has paid the filing fee and where he is proceeding *in forma pauperis*.  *See Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam).  Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

      Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).  A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard.  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

The plaintiff claims that on September 13, 2012, at MacDougall Correctional Institution, he had an open sore on his left foot.  Because he had not received medical attention for this injury, he covered the window in his cell door and put his injured foot in the trap door of his cell.

Lieutenant Diaz walked by the plaintiff's cell and ordered him to put his foot back in his cell.  When the plaintiff refused, she deployed several bursts of a chemical agent into the cell through the trap door.  The plaintiff then submitted to being placed in handcuffs.  Correctional officers pulled the plaintiff's hair, bent his wrists and tightened the handcuffs causing numbness to both of the plaintiff's hands.  The plaintiff screamed out in pain.  Lieutenant Diaz accused the plaintiff of putting on a show for the video camera.  A lieutenant later loosened one of the handcuffs.  The plaintiff seeks monetary relief.

The court concludes that the allegations in the complaint state a plausible claim of excessive force against Lieutenant Diaz.  To the extent that plaintiff asserts section 1983 claims against defendant Diaz in her official capacity, the claims for money damages are barred by the Eleventh Amendment.  *See Kentucky v. Graham*, 473 U.S. 159 (1985)  (Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for

damages in their official capacities); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity). The section 1983 claims for money damages against defendant Diaz in her official capacity are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

The plaintiff does not refer to Correctional Officers Pagan, Coro and Norcotte in the body of the complaint. Although he states that correctional officers used excessive force in applying the handcuffs to his wrists, he does mention Correctional Officers Pagan, Coro and Norcotte by name or indicate their specific involvement in application of handcuffs. As such, the plaintiff has not alleged that defendants Pagan, Coro and Norcotte violated his federally or constitutionally protected rights. The claims against defendants Pagan, Coro and Norcotte are dismissed. *See* 28 U.S.C. § 1915A(b)(1).

## ORDERS

The court enters the following orders:

(1) The claims against defendants Pagan, Coro and Norcotte are **DISMISSED**. *See* 28 U.S.C. § 1915A(b)(1). The claims for money damages against defendants Diaz in her official capacity are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2). The excessive force claims shall proceed against defendant Diaz in her individual capacity.

(2) The court will permit the plaintiff to file an amended complaint provided he can allege the personal involvement of Correctional Officers Pagan, Coro and Norcotte in the application of excessive force. The plaintiff is cautioned that an amended complaint completely replaces the complaint. Thus, it should include all defendants against whom the plaintiff seeks relief as well as the factual allegations demonstrating the personal involvement of each defendant

in the claimed violation or violations of the plaintiff's federally or constitutionally protected rights.  If the plaintiff chooses to file an amended complaint, it must be filed within thirty days of the date of this order.

(3)     Within fourteen (14) days of this Order, the Clerk shall ascertain from the Department of Correction Office of Legal Affairs the current work address for defendant Diaz and mail a waiver of service of process request packet to defendant Diaz in her individual capacity at her current work address.  On the thirty-fifth (35th) day after mailing, the Clerk shall report to the court on the status of all waiver requests.  If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(4)     The Clerk shall send a courtesy copy of the complaint and this Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(5)     Defendant Diaz shall file her response to the complaint, either an answer or motion to dismiss, within seventy (70) days from the date of this order.  If the defendant chooses to file an answer, she shall admit or deny the allegations and respond to the cognizable claims recited above.  She may also include any and all additional defenses permitted by the Federal Rules.

(6)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this order.  Discovery requests need not be filed with the court.

(7)     All motions for summary judgment shall be filed within eight months (240 days)

from the date of this order.

    (8)    Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

    (9)    **If the plaintiff changes his address** at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff **MUST notify the court**.  Failure to do so can result in the dismissal of the case.  The plaintiff must give notice of a new address **even if he is incarcerated**.  The plaintiff should write "**PLEASE NOTE MY NEW ADDRESS.**"  It is not enough to just put the new address on a letter without indicating that it is a new address.  If the plaintiff has more than one pending case, indicate the case numbers in the notification of change of address.  The plaintiff should also notify the defendant(s) or the attorney for the defendant(s), if appropriate, of his or her new address.

    SO ORDERED at Bridgeport, Connecticut this 28th day of May, 2013.


                                /s/ Stefan R. Underhill
                                  Stefan R. Underhill
                                  United States District Judge